**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| PayServices Bank, an Idaho corporation | Civil Action No. 1-26-cv-00009-REP |
| Plaintiff, | |
| v. | PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT JEAN-LUC MUGOGWA KATSHELEWA PURSUANT TO FED. R. CIV. P. 4(f)(3) |
| The Democratic Republic of the Congo; Ministry of State in Charge of the Portfolio of the Democratic Republic of the Congo; Julie Mbuyi Shiku; Doudou Roussel Fwamba Likunde; Anthony Nkinzo Kamole; Andre Wameso Nkualoloki; Célestin Mukeba Muntuabu; Norbert Eholo Eoni; Jean Pierre Dikoma Kitengie; Aphy Badaga Mubagwa; Sandra Tshibonge Mbiye; and Jean-Luc Mugogwa Katshelewa | |
| Defendants. | |

Plaintiff PayServices Bank ("Plaintiff") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), for an Order authorizing alternative service of process on Defendant Jean-Luc Mugogwa Katshelewa ("Defendant Mugogwa") via the WhatsApp messaging application. In support of this Motion, Plaintiff relies upon the accompanying Affidavit of Lionel Danenberg (Exhibit 1), a copy of a DHL Tracking Log (Exhibit 2), an Affidavit from Stefany Jimenez, a paralegal at Parker, Sanchez & Donnelly, PLLC (Exhibit 3), a Declaration of Counsel (Exhibit 4), and states as follows:

## I. FACTUAL BACKGROUND

1. On March 10, 2026, this Court granted Plaintiff's Motion for Order Directing Clerk to Effect Service of Process Abroad by Registered Mail (Dkt. 7), authorizing service on all twelve (12) Defendants via DHL Express pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii).

2. On March 17, 2026, the Clerk of the Court dispatched the required service packages — including the Summons, Complaint, and French translations — to all twelve (12) Defendants via DHL Express. The Clerk's Certificate of Service was entered on the docket on March 19, 2026 (Dkt. 9).

3. To date, Plaintiff has successfully obtained DHL Proof of Delivery receipts for eleven (11) of the twelve (12) Defendants, including the Democratic Republic of the Congo itself. The contemporaneously filed Notice of Filing Proof of Service details those deliveries.

4. The sole outstanding service package belongs to Defendant Mugogwa, tracked under DHL Waybill No. 2740089096. The package was addressed to his official government office at the Agence pour le Développement du Numérique ("ADN"): Immeuble Paradiso, Boulevard du 30 Juin, numéro 90A et 90B, Kinshasa/Gombe, Democratic Republic of the Congo.

5. Defendant Mugogwa serves as the Deputy Coordinator in Charge of Technical Questions and Planning (*Coordonnateur Adjoint en charge des questions Techniques et Planification*) for the ADN, a specialized agency directly attached to the office of the President of the DRC. His role focuses on the technological and digital transformation of the DRC's economy, placing him at the center of the state-level decisions regarding the PayServices digital banking infrastructure at issue in this litigation.

6. DHL has made multiple physical delivery attempts to Defendant Mugogwa's office. As is standard DHL practice in the Kinshasa region, upon each unsuccessful physical delivery attempt, DHL leaves a physical notification tag at the location informing the intended recipient that a package is being held for pickup, and returns the package to the DHL facility. *See* Exhibit 3.

7. The official DHL tracking log for Waybill No. 2740089096 reflects that the package arrived in Kinshasa and was first placed in a status of "Shipment on hold" on March 27, 2026. It was subsequently placed in a status of "Awaiting collection by the consignee" multiple times, with the tracking log explicitly noting that "A valid (Government Issued) personal ID is required for collection." Each instance of "Awaiting collection" followed a failed delivery attempt. *See* Exhibit 3 & Exhibit 2 (DHL Tracking Log).

8. Plaintiff's legal team made diligent, repeated efforts to facilitate this delivery beyond the standard DHL process. Plaintiff affirmatively contacted DHL customer service to reschedule delivery attempts to the Immeuble Paradiso address. *See* Exhibit 3. Despite these rescheduled attempts, and further delays attributable to local public holidays extending through April 2, 2026, the package has continually been returned to the DHL facility with a status of "Awaiting collection by the consignee." *See* Exhibit 2.

9. As of the date of this filing, DHL delivery remains stalled. Defendant Mugogwa has had actual or constructive notice of the package's existence via the physical DHL notification tags left at his workplace, yet has failed or refused to present his government-issued identification to collect the summons.

10. As set forth in the accompanying Affidavit of Lionel Danenberg (Exhibit 1), Plaintiff's Chief Executive Officer has maintained a regular course of communication with Defendant Mugogwa via the WhatsApp messaging application at the phone number +243 ███ ██. Mr. Danenberg and Defendant Mugogwa have exchanged messages and phone calls on WhatsApp regarding the very business matters giving rise to this litigation, including the ITAM Congo-Kinshasa digital banking project and interactions with DRC government officials. The Affidavit attests that Defendant Mugogwa is an active and regular user of this WhatsApp number and has been responsive to communications sent to this number.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs service on individuals in a foreign country. Rule 4(f)(3) provides that, in addition to the methods set forth in Rules 4(f)(1) and (2), service may be made "by other means not prohibited by international agreement, as the court directs." Fed. R. Civ. P. 4(f)(3).

Two requirements must be satisfied for the Court to authorize alternative service under Rule 4(f)(3): (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

## III. ARGUMENT

*A. Rule 4(f)(3) Is Not a "Last Resort"*

As a threshold matter, Rule 4(f)(3) is an independent basis for effecting service and does not require the exhaustion of other methods. The Ninth Circuit has squarely held that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Props., at* 1015. While Plaintiff has made extensive efforts to complete traditional service via DHL, Plaintiff is not required to exhaust every conceivable method of physical delivery before seeking this Court's authorization for an alternative. *Id.*

*B. Service via WhatsApp Is Not Prohibited by International Agreement*

The Democratic Republic of the Congo is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Because

no international agreement between the United States and the DRC governs or prohibits any particular method of service, the statutory requirement of Rule 4(f)(3) is satisfied. Federal courts have consistently held that, in the absence of an applicable international agreement, electronic service — including via WhatsApp — is not prohibited. *See CKR Law LLP v. Anderson Invs. Int'l*, 525 F. Supp. 3d 518, 524-25 (S.D.N.Y. 2021) (approving service via WhatsApp where no international agreement prohibited it); *Hunt v. Aslam*, 2023 U.S. Dist. LEXIS 87670, at *4-5 (D. Utah May 17, 2023) (same).

*C. Service via WhatsApp Satisfies Constitutional Due Process*

The Due Process Clause requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Courts have repeatedly found that service via electronic messaging platforms, including WhatsApp, satisfies this standard when the plaintiff can demonstrate (1) that the account is authentic and actively used by the defendant, and (2) that the parties have a prior history of communicating through the platform.

In *CKR Law LLP v. Anderson Investments International*, the Southern District of New York authorized service on a foreign defendant via WhatsApp, finding that the method was reasonably calculated to notify the defendant in that case of the pendency of the action because the plaintiff had previously received messages from the defendant at that specific phone number. *CKR Law LLP* at 524-25.

Similarly, in Hunt v. Aslam, the District of Utah granted a motion for alternative service via WhatsApp to a defendant believed to be living in Dubai, United Arab Emirates — a country which, like the DRC, is not a signatory to the Hague Convention. 2023 U.S. Dist. LEXIS 87670, at *4-5. The court held that to satisfy Rule 4(f)(3)'s due process requirement, a plaintiff may demonstrate "that the account connected to the system is authentic, and that Defendant has used

5

the system for communication purposes." Id. at \*4 (citing PPE Supplies, LLC v. Khan Enters. Gen. Trading Co., 2022 U.S. Dist. LEXIS 8015, at \*3 (N.D. Okla. Jan. 14, 2022)). Finding that the plaintiff had made such a showing, the court concluded that "service via WhatsApp to Defendant is reasonably calculated to provide notice to Defendant of this action." Id.

Notably, the Hunt court authorized WhatsApp service only after the plaintiff demonstrated that prior attempts at service by mail and email had "proven impracticable and ineffective" — a threshold Plaintiff here has more than satisfied through its extensive and unsuccessful DHL delivery efforts. Id. at \*3-4. The Ninth Circuit's landmark decision in *Rio Properties* further supports this relief. There, the court approved alternative service via email under Rule 4(f)(3) where the defendant "had neither an office nor a door" and "listed no easily discoverable street address," such that email was "the method of communication most likely to reach" the defendant. 284 F.3d at 1018. The court reasoned that "[w]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Id.* The same reasoning applies with even greater force to WhatsApp, which — unlike email — provides real-time delivery confirmation through its built-in read receipt functionality.

Here, the circumstances strongly favor authorizing WhatsApp service:

- The account is authentic, actively used, and the defendant is responsive. Plaintiff's own counsel sent a PDF document and accompanying message to Defendant Mugogwa at +243 ▮▮▮▮▮▮ via WhatsApp on November 13, 2025. The message was successfully delivered to Defendant Mugogwa's device (as confirmed by WhatsApp's double grey checkmarks), and Defendant Mugogwa personally responded to the message that same day — conclusively demonstrating actual receipt. *See* Exhibit 4. Additionally, as established in the Affidavit of Lionel Danenberg (Exhibit 1), Plaintiff's CEO has maintained regular

WhatsApp communications with Defendant Mugogwa at this same number regarding the very business transactions underlying this litigation.

- Plaintiff's counsel has already successfully transmitted a multi-page PDF document to this number. The November 13, 2025 communication demonstrates that the WhatsApp Number is capable of receiving PDF attachments of the type that would constitute the service packet. The 24-page document sent by counsel was received, opened, and prompted a response — precisely the same type of transmission Plaintiff proposes for formal service of the Summons, Complaint, and translations.

- Traditional service has been effectively thwarted. Despite multiple delivery attempts by DHL, affirmative rescheduling efforts by Plaintiff's legal team, and physical notification tags left at Defendant Mugogwa's government office, the service package has remained uncollected for over five days. The requirement that Defendant Mugogwa personally present his government-issued identification to collect the package has created a de facto veto over physical service.

*D. Proposed Method of Service*

Plaintiff proposes that its undersigned counsel serve Defendant Mugogwa by sending the following documents as PDF attachments via the WhatsApp messaging application to the phone number +243 ███████ — the same number at which counsel has previously communicated with Defendant Mugogwa and received a response:

1. The Summons issued by the Clerk of Court;

2. The Complaint;

3. The Notice of Suit;

4. French translations of each of the foregoing documents.

Upon successful transmission, Plaintiff will capture screenshots showing (a) the sent messages with attached documents, and (b) the WhatsApp delivery receipts (double checkmarks) confirming delivery to Defendant Mugogwa's device. Plaintiff will file these screenshots with the Court as proof of service.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an Order:

1. Authorizing Plaintiff's counsel to serve Defendant Jean-Luc Mugogwa Katshelewa by sending the Summons, Complaint, Notice of Suit, and French translations as PDF attachments via the WhatsApp messaging application to the phone number +243 █████ █.

2. Deeming service complete upon successful transmission of the WhatsApp messages, as evidenced by screenshots of the delivery receipts, which Plaintiff shall promptly file with the Court.

3. Setting the deadline for Defendant Mugogwa to file a responsive pleading at twenty-one (21) days from the date of confirmed delivery via WhatsApp, consistent with Fed. R. Civ. P. 12(a)(1)(A)(i).

Pursuant to Dist. Idaho Loc. Civ. R. 5.5, and out of an abundance of caution to protect personal privacy, Plaintiff has redacted Defendant Mugogwa's personal telephone number from the publicly filed versions of this Motion, the Declaration of Counsel (Exhibit 4), and the Affidavit of Lionel Danenberg (Exhibit 1). Unredacted copies of these documents have been submitted directly to the Court.

Respectfully submitted,

C. Anderson Parker,
Federal Bar No. 567726
andy@psd.law

Miguel Andrés Sánchez-Ross,
Federal Bar No. 743446
andres@psd.law

**PARKER SANCHEZ & DONNELLY PLLC**
700 Louisiana St., Suite 4520
Houston, TX 77002
(713) 659-7200 (Telephone)
(713) 659-7203 (Facsimile)

John F. Kurtz, Jr., ISB No. 2396
jfk@kurtzlawllc.com
**KURTZ LAW PLLC**
910 W Main Street, Ste 364
Boise, ID 83702
(208) 287-8167 (Telephone)
(208) 287-8130 (Facsimile)

9