Alyson A. Foster, ISB No. 9719
alyson@dempseyfoster.com
Daphne Huang, ISB No. 8370
daphne@dempseyfoster.com
**DEMPSEY FOSTER PLLC**
714 West State Street
Boise, ID 83702
Tel: (208) 401-9533
Fax: (855) 840-1879

*Attorneys for Defendant Sandra Tshibonge Mbiye*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PayServices Bank, an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Democratic Republic of the Congo; Ministry of State in Charge of the Portfolio of the Democratic Republic of the Congo; Julie Mbuyi Shiku; Doudou Roussel Fwamba Likunde; Anthony Nkinzo Kamole; Andre Wameso Nkualoloki; Célestin Mukeba Muntuabu; Norbert Eholo Eoni; Jean Pierre Dikoma Kitengie; Aphy Badaga Mubagwa; Sandra Tshibonge Mbiye; and Jean-Luc Mugogwa Katshelewa,<br><br>Defendants. | Case No. 1:26-cv-00009-REP<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT SANDRA TSHIBONGE MBIYE'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Idaho Local Civil Rule 6.1, defendant Sandra Tshibonge Mbiye ("**Ms. Tshibonge**"), through her undersigned counsel,[1] moves for an extension of time to respond to the Complaint (Dkt. 1) through and including May 26, 2026.

---

[1] Undersigned counsel, Dempsey Foster PLLC, has made a notice of special appearance, and files this Motion on Ms. Tshibonge's behalf, without waiving, and expressly preserving, Ms. Tshibonge's right to contest personal jurisdiction, process, service of process, venue, and any other defenses under Rule 12.

MEMORANDUM IN SUPPORT OF DEFENDANT SANDRA TSHIBONGE MBIYE FOR
EXTENSION OF TIME TO RESPOND TO COMPLAINT – 1

By so moving, Ms. Tshibonge does not waive, and specifically reserves, her right to assert all available defenses to the Complaint, including, without limitation, insufficient process and service of process, lack of personal jurisdiction, improper venue, and foreign official immunity. extension of time from April 15, 2026, through and including May 26, 2026, in which to answer, move, or otherwise respond to the Complaint (Dkt. 1) filed by Plaintiff PayServices Bank ("**PayServices**").

## BACKGROUND

Plaintiff filed the Complaint on January 8, 2026. (Dkt. 1.) In its Complaint, Plaintiff asserts that defendant The Democratic Republic of the Congo ("**DRC**") and one of its agencies, the Ministry of State in Charge of the Portfolio of the DRC ("**Ministry of Portfolio**"), entered into an alleged contract with Plaintiff in March 2024.

Ms. Tshibonge is the Vice President of the DRC National Post, the government's postal service company. (Dkt. 1 ¶ 16.) Plaintiff alleges that individual DRC officials, including Ms. Tshibonge, caused the DRC and the Ministry of Portfolio to breach the contract with Plaintiff, resulting in damages. (*Id.* ¶¶ 7-17.)

Plaintiff purports to have served Ms. Tshibonge on March 25, 2026. (Dkt. 10 at 3.) Ms. Tshibonge requested, and Plaintiff granted, a one-week extension to respond to the Complaint.

Ms. Tshibonge diligently sought legal counsel and was able to retain undersigned counsel on April 22, 2026. If Plaintiff's Proof of Service (Dkt. 10) correctly identifies March 25, 2026, as the date of service, then Ms. Tshibonge's response to the Complaint is due today.

## ARGUMENT

### I.     Legal Standards

Under Rules 12(a)(1)(A)(i) & 12(b), an individual defendant must file a responsive pleading to a complaint within 21 days after service.

Under Rule 6.1(b), the Court may, for good cause, extend the deadline for responding to a complaint if a request is made before the original time expires. If the request is made after the time has expired, it may be granted if the party acted with excusable neglect. *See also* Dist. Local Civ. Rule 6.1 ("When by these rules or by notice given thereunder an act is required or allowed to be done at or within a specified time, the Court, for cause shown, may at any time, with or without motion or notice, order the period be shortened or extended.").

## II.     Good Cause Exists to Extend the Deadline for Ms. Tshibonge's Responsive Pleading

Good cause exists to grant the requested extension to promote judicial economy and efficiency.

Residing in the DRC, Ms. Tshibonge has faced logistical challenges in locating counsel and preparing a response to the Complaint, including a seven-hour time difference between Idaho and the DRC. Despite Ms. Tshibonge's diligent efforts, undersigned counsel was only recently retained on April 22, 2026 (the date of this filing). Undersigned counsel has not had sufficient time to investigate the facts and analyze applicable law—including potentially applicable foreign law— to prepare a response to the Complaint.

In addition, the Complaint names eleven other Defendants, including the DRC (a foreign sovereign state), its Ministry of Portfolio, and numerous foreign government officials, potentially raising issues of foreign law. This may require Ms. Tshibonge to coordinate with the DRC, the Ministry of Portfolio, or other parties. The requested extension would allow Ms. Tshibonge's counsel sufficient time to evaluate such matters in coordination with other defendants and to respond appropriately.

This requested deadline aligns well with the timing framework for all defendants' responses. Two defendants, the DRC and the Ministry of Portfolio, have 60 days after service to

MEMORANDUM IN SUPPORT OF DEFENDANT SANDRA TSHIBONGE MBIYE FOR
EXTENSION OF TIME TO RESPOND TO COMPLAINT – 3

respond to the complaint, which Plaintiff calculates as May 26, 2026. 28 U.S.C. § 1608(d); *see also* Dkt. 10 at 2 (alleging the DRC and Ministry of Portfolio's responsive pleading deadline is May 26, 2026, based on the sixty-day response period following effective service). Several defendants have not yet been served. And, at least two other defendants have requested an extension of time to respond. (Dkts. 14 & 19.)

Finally, no prejudice will ensue. Ms. Tshibonge seeks a brief extension of time, 34 days, sufficient to allow consultation with counsel and the preparation of a proper response, due to the recent retention of the undersigned. This request is made in good faith and not for purposes of delay. The requested enlargement will prejudice no party. To the contrary, granting this Motion will promote judicial efficiency by ensuring that Defendant's responsive pleading is thoughtfully prepared.

In sum, good cause exists to extend Ms. Tshibonge's deadline to respond to the Complaint, and to align her deadline with that applicable to the DRC and the Ministry of Portfolio, according to Plaintiff's Notice of Filing Proof of Service. Dkt. 10 at 2.

## CONCLUSION

For these reasons, Ms. Tshibonge respectfully submits that good cause exists to extend her deadline to respond to the Complaint until May 26, 2026, and respectfully requests the Court GRANT her motion and order such an extension.

DATED: April 22, 2026                    DEMPSEY FOSTER PLLC

                                         */s/ Alyson A. Foster*
                                         Alyson A. Foster

                                         *Counsel for Defendant Sandra Tshibonge Mbiye*

MEMORANDUM IN SUPPORT OF DEFENDANT SANDRA TSHIBONGE MBIYE FOR
EXTENSION OF TIME TO RESPOND TO COMPLAINT – 4