C. Anderson Parker, Federal Bar No. 567726
andy@psd.law — *Pro hac vice*
Miguel Andrés Sánchez-Ross, Federal Bar No. 743446
andres@psd.law — *Pro hac vice*
PARKER SANCHEZ & DONNELLY PLLC
700 Louisiana St., Suite 4520
Houston, TX 77002
(713) 659-7200 (Telephone) | (713) 659-7203 (Facsimile)

John F. Kurtz, Jr., ISB No. 2396
jfk@kurtzlawllc.com
KURTZ LAW PLLC
910 W Main Street, Ste 364
Boise, ID 83702
(208) 287-8167 (Telephone) | (208) 287-8130 (Facsimile)

*Attorneys for Plaintiff PaySevices Bank*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| PAYSERVICES BANK,<br><br>Plaintiff,<br><br>vs.<br><br>THE DEMOCRATIC REPUBLIC OF THE CONGO, et al.,<br><br>Defendants. | Case No. 1:26-cv-00009-REP<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY OR, IN THE ALTERNATIVE, TO STRIKE NEW EVIDENCE SUBMITTED WITH REPLY [Dkt. 71]** |

Plaintiff PayServices Bank ("PayServices") moves for leave to file the Sur-Reply attached as **Exhibit A**, limited to the new evidence that Movants first presented in their Reply in support of their Motion to Dismiss on Forum Non Conveniens Grounds (ECF 71) (the "Reply"). In the alternative, PayServices asks the Court to strike, or to decline to consider, Reply Exhibits MX1 through MX4 (ECF 71-1 through 71-4) and the arguments that depend on them.[1]

**1. The Reply rests on evidence first presented on reply.**

Movants filed their motion on August 6, 2026, without any declaration or documentary evidence concerning the availability or adequacy of the Congolese courts. *See* ECF 66, 66-1; Opp. (ECF 69) at 10–13. The Reply attaches four exhibits: a declaration from the Senior Legal Advisor to Movant Minister of Finance Fwamba (MX1, ECF 71-1); a forty-five-page Congolese ordinance-law and an English translation (MX2, ECF 71-2); translated press articles concerning a Congolese official (MX3, ECF 71-3); and twenty-four pages of docket materials from this case and from *Trower v. Blinken* (MX4, ECF 71-4). The Reply relies on this material for propositions at the center of the motion: that a newly decreed court is available to hear this dispute (Reply at 4–5); that Mr. Danenberg's sworn account of threats is "almost entirely false" (*id.* at 7); that his presence in the DRC is unnecessary and that his security escort was a mere "courtesy" (*id.* at 8; ECF 71-1 ¶¶ 11, 15); and that the *Trower* record reflects no executive defiance of the Congolese courts (*id.* at 6).

**2. The Local Rules and controlling authority require an opportunity to respond.**

Local Civil Rule 7.1(b)(2) requires the moving party to file "with the motion" its declarations and "copies of all photographs, documentary evidence and other supporting materials on which the moving party intends to rely," and Rule 7.1(b)(1) requires the supporting brief to

[1]Pursuant to the Court's practice, counsel for PayServices conferred by email with counsel for all Defendants who have appeared in this action on September 15, 2026, regarding the relief requested in this motion. Counsel for Movants — the Democratic Republic of the Congo, the Ministry of State in Charge of the Portfolio, Doudou Roussel Fwamba Likunde, and Anthony Nkinzo Kamole — advised on September 17, 2026 that Movants oppose the requested relief. Counsel for Defendants Julie Mbuyi Shiku, Andre Wameso Nkualoloki, and Sandra Tshibonge Mbiye each advised that their clients take no position. Defendants Célestin Mukeba Muntuabu, Norbert Eholo Eoni, Jean Pierre Dikoma Kitengie, Aphy Badaga Mubagwa, and Jean-Luc Mugogwa Katshelewa have not appeared in this action, and PayServices was therefore unable to confer with them.

contain "all of the reasons and points and authorities relied upon by the moving party." Rule 7.1(b)(3) permits a reply brief; it does not authorize a reply evidentiary record.

The Ninth Circuit agrees that "where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)); *accord JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008). The contrary result "would be unfair," *Provenz*, 102 F.3d at 1483, and the rationale is not peculiar to summary judgment. "Mitigation of any unfairness, following objection, may take the form of granting the objecting party leave to file a sur-reply opposition to the new matter." *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018). And a district court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

This Court applies the same rule. Its purpose "is obviously to prevent a party from 'sandbagging' opponents by depriving them of their opportunity to respond," and a party confronted with new matter in a reply should move "either to strike those arguments or to be allowed to submit additional evidence or argument in rebuttal." *Fort Hall Landowners All. v. BIA*, No. CV-99-52-E-BLW, 2007 U.S. Dist. LEXIS 50638, at *4–5 (D. Idaho July 9, 2007). "[S]ubmitting new evidence in a reply is improper because it deprives the opposing party of the opportunity to respond," and "[w]here the opposing party lacks the opportunity to respond, the Court should decline to consider the new evidence or arguments." *Skidmore v. J.R. Simplot Co.*, No. 1:23-cv-00477-BLW, 2025 U.S. Dist. LEXIS 268015, at *20 (D. Idaho Dec. 29, 2025) (striking reply that sought "to retroactively cure deficiencies in [the movant's] initial filings").

**3. PayServices has moved promptly, and the proposed Sur-Reply is narrow.**

A party confronted with reply evidence must object promptly or forfeit the objection. *Dutta*, 895 F.3d at 1172; *Fort Hall*, 2007 U.S. Dist. LEXIS 50638, at *5–7. PayServices files this motion eight days after the Reply and before any hearing. The proposed Sur-Reply is six pages of argument, attaches no new evidence, and is confined to the four Reply exhibits and what they show on their face. It does not respond to Movants' new arguments or new authorities, and it does not revisit matters already briefed.

**4. Alternatively, the Court should strike or decline to consider the new material.**

If the Court declines to permit a sur-reply, it should strike Exhibits MX1 through MX4 and disregard the arguments that rest on them. *See Skidmore*, 2025 U.S. Dist. LEXIS 268015, at *19–20 (striking reply "in its entirety"); *JG*, 552 F.3d at 803 n.14 (no abuse of discretion in denying sur-reply where "[t]he district court did not consider the new evidence"). Movants had every opportunity to submit this material with their motion. Rule 7.1(b)(2) required them to do so.

## CONCLUSION

PayServices respectfully requests that the Court grant leave to file the Sur-Reply attached as Exhibit A and deem it filed as of the date of the Court's order or, in the alternative, strike Reply Exhibits MX1 through MX4 (ECF 71-1 through 71-4) and decline to consider the arguments that depend on them.

DATED: September 18, 2026

Respectfully submitted,

s/ C. Anderson Parker
C. Anderson Parker
Federal Bar No. 567726
andy@psd.law
Miguel Andrés Sánchez-Ross
Federal Bar No. 743446
andres@psd.law
**PARKER SANCHEZ & DONNELLY PLLC**
700 Louisiana St., Suite 4520
Houston, TX 77002
(713) 659-7200 (Telephone)
(713) 659-7203 (Facsimile)

John F. Kurtz, Jr., ISB No. 2396
jfk@kurtzlawllc.com
**KURTZ LAW PLLC**
910 W Main Street, Ste 364
Boise, ID 83702
(208) 287-8167 (Telephone)
(208) 287-8130 (Facsimile)

*Attorneys for PayServices Bank, an Idaho Corporation*